UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:06-CV-00444

**GRIFFIN INDUSTRIES, INC.**                                                    **PLAINTIFF**

**v.**

**RESTAURANT TECHNOLOGIES, INC.**                                       **DEFENDANT**

OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Enforce Settlement (DN 149). Defendant has responded (DN 154), and Plaintiff has replied (DN 158). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is DENIED.

Plaintiff Griffin Industries, Inc. ("Griffin") and Defendant Restaurant Technologies, Inc. ("RTI") are both involved in the business of collecting used cooking oil from restaurants. This matter originally arose from RTI's alleged tortious interference with Griffin's customer contracts and business relations. On February 13, 2009, the Court dismissed the case as settled (DN 139). Three months later, Griffin moved to reinstate the case for the purposes of enforcing the settlement agreement (DN 140). Griffin states that the parties came to an agreement on the material terms of their settlement agreement on February 12, 2009, but when the parties began negotiating the secondary terms of the agreement it became clear that RTI was already denying its obligations under the material terms.

The settlement negotiations that resulted in the alleged agreement began on January 15, 2009, when Griffin sent RTI a settlement proposal. Several communications were sent back and forth between the parties over the next several weeks. On February 12, Griffin agreed to accept the proposed terms of RTI's latest offer, contingent on several factors, including "RTI and

Griffin understand that all terms agreed upon today are only the material terms and *any final settlement agreement will require the parties to mutually agree on any secondary terms* such as possible depot closures, assignability and the like."  E-mail from Lynsie T. Gaddis, Counsel for Plaintiff, to George G. Eck & Richard H.C. Clay, Counsel for Defendant (Feb. 12, 2009) (emphasis added).  RTI responded, stating that it believed the parties had reached a settlement. RTI's letter also provided that "[t]he parties agree that the aforementioned material terms are intended to settle the litigation currently pending before Judge Russell in the Federal Court for the Western District of Kentucky, *but acknowledge that any final settlement agreement will require mutual agreement on secondary terms* such as possible depot closures, assignability and the like."  E-mail from Jonathan D. Wilson, Counsel for Defendant, to Lynsie T. Gaddis, Counsel for Plaintiff (Feb. 12, 2009) (emphasis added).

Generally, the Court has the authority to enforce a settlement agreement.  *See Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).  In this case, however, there was not a complete settlement agreement.  *See id.* (citing *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983)).  As RTI noted in its response, under the express terms of the parties' settlement communications, the failure to achieve mutual agreement on secondary terms means there is not an enforceable settlement agreement.  *See Gen. Motors Corp. v. Keener Motors, Inc.*, 194 F.2d 669, 676 (6th Cir. 1952) ("As long as both parties contemplate that something remains to be done to establish contractual relationship, no contract has been made.").  Not only are the material terms of the settlement now in dispute, the parties have also been unable to reach an agreement on the secondary terms.  Thus, as explicitly agreed to by the parties, the settlement agreement is not final, and cannot be enforced by the Court.

2

Griffin maintains that the Court has the power to enforce the material terms of the settlement even when the parties are at an impasse on secondary terms.  The cases relied on by Griffin, however, are not entirely analogous to the present matter.  Here, the parties specifically agreed that the settlement agreement would not be final until they agreed upon the secondary terms.  Without such an agreement, the Court does not have the power to enforce any settlement between the parties.

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion to Enforce Settlement (DN 149) is DENIED.